FLANNIGAN and others, Respondents, vs. POWERS and another, Appellants.

*September 13—October 9, 1928.*

For the appellants the cause was submitted on the briefs of *William N. Powers* of Beaver Dam, and for the respondents on that of *James F. Malone* of Beaver Dam.

ROSENBERRY, J. But one question is presented by the record in this case. On the 2d day of October, 1917, one

Christ C. Powers, predecessor in title of the defendants, executed and delivered to L. W. Flannigan, predecessor in title of the plaintiffs, his certain promissory note in writing, whereby the said Powers promised and agreed to pay to the said Flannigan the sum of $20,000, five years after date, "with interest at the rate of five (5) per cent. per annum, payable annually until paid." On October 20, 1922, the note then being overdue, the plaintiffs entered into an agreement with the defendants as follows:

"In consideration of the extension of the time of payment of the note of Christy Powers executed by him to one L. W. Flannigan, in the sum of $20,000, secured by mortgage on lands in Dodge county, Wisconsin, which mortgage is recorded in the office of the register of deeds for Dodge county, Wisconsin, in vol. 151 of Mortgages on page 82, the said second party guarantees the payment of said note and agrees to pay six per cent. interest per annum thereon during the period of extension, it being agreed that said note and mortgage shall be extended for two years from the date same was payable, with the privilege to said second party to pay said note in full at the expiration of one year, that is, at the next interest-paying period.

"The said second party further agrees to pay six per cent. interest on the mortgage note executed by one Sarah Powers to L. W. Flannigan from the time said note was due until it is paid."

The plaintiffs were given judgment for the full amount of the principal with interest at the rate of six per cent. per annum from October 2, 1924, less the amount paid by defendants, to the date of foreclosure. It is the contention of the defendants that they were liable for interest at the rate of six per cent. only during the period of extension. In this contention the defendants must be sustained. The language of the agreement itself could scarcely be made plainer than it is to express the idea that the increased rate was to be paid only during the period of extension. As it was first written, the agreement did not contain the words "during the period of extension." Apparently they were interlined.

In addition to that the second clause of the agreement provides that interest shall be paid on the mortgage note (for $1,000) executed by one Sarah Powers to L. W. Flannigan, from the time said note was due until it is paid. It is quite apparent that the parties had in mind the distinction between the agreement to pay interest during the period of extension and the agreement to pay interest until the obligation was finally discharged.

Plaintiffs seek to bring themselves within the rule of *Karlen v. Trickel,* 189 Wis. 148, 207 N. W. 273, to the effect that one who assumes and agrees to pay a mortgage is estopped to defend against the mortgage upon certain grounds there enumerated. In the agreement of October 20, 1922, the defendant did not assume and agree to pay the mortgage,—he guaranteed its payment,—and further agreed to pay interest at the increased rate during the period of extension. The *Karlen Case* has no application whatever to the facts in this case.

It is also urged that the defendants paid the interest at the agreed rate for the year 1925. The defendant William Powers testified that such payments were made in the absence of the agreement for extension, the terms of which he did not have in mind. If the agreement were ambiguous or uncertain or its terms in any degree doubtful, acknowledgment of the claim of plaintiffs by payment might have some effect. Here there can be no doubt as to the meaning of the extension agreement and the judgment should be corrected so as to allow the plaintiffs interest at the rate of five per cent. per annum, in accordance with the terms of the note, after the expiration of the period of the extension.

*By the Court.*—It is ordered that the judgment appealed from be modified by deducting therefrom interest on the principal sum of $20,000 from October 2, 1924, to March 2, 1927, the date of the judgment, at the rate of one per cent., being $483.33, and as so modified the judgment is affirmed; the defendants to recover costs in this court.